```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHENETA YATES                 :    CIVIL ACTION
                              :
          v.                  :
                              :
ALL AMERICAN ABSTRACT         :
COMPANY, et al.               :    NO. 06-2174
```

MEMORANDUM

Bartle, C.J.                                          May 10, 2007

       Plaintiff Cheneta Yates ("Yates") has brought this putative class action in which she alleges that defendants All American Abstract Company, Inc. ("All American"), Leo T. White ("White"), Philadelphia Federal Credit Union ("PFCU"), PFCU Services, LLC ("PFCU Services") and PFCU Abstract, LLC ("PFCU Abstract") engaged in predatory practices in connection with the refinancing of Yates' home mortgage.  Her first amended complaint contains the following allegations against all defendants:  (1) Count I for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607; (2) Count II for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("CPL"), 73 Pa. Stat. Ann. § 201-2, *et seq.*; (3) Count III for unjust enrichment, accounting, disgorgement, and restitution; (4) Count IV for negligent misrepresentation; (5) Count V for fraud; (6) Count VI for civil conspiracy; and (7) Counts VII, VIII, IX, X, XI, and XII for violation of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.


§ 1962.  Now pending before the court is the motion of defendants for partial dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants argue that Counts I and II should be dismissed against all defendants, Counts VII through XII should be dismissed against all defendants, and that all counts should be dismissed against defendant PFCU.

Under Rule 12(b)(6), a claim should be dismissed only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would warrant relief." Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citation omitted).  All well-pleaded allegations in the complaint must be accepted as true, and all reasonable inferences are drawn in favor of the non-moving party.  Id.  The court, however, may not assume the existence of facts that have not been pleaded.  Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263, n.13 (3d Cir. 1998).  The defendant bears the burden of showing that no claim has been stated.  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991), cert. denied, 501 U.S. 1222 (1991).

Defendant PFCU first maintains that all charges should be dropped against it because "Yates' Amended Complaint does not allege facts sufficient to impose liability upon PFCU for the purported fraud of services."  Defs.' Mot. at 32 (capitalization

altered).  PFCU insists that, as the parent corporation to PFCU Services, it cannot be liable unless Yates pleads facts sufficient to pierce the corporate veil.  Yates counters that PFCU's alleged liability in this action stems from its own direct participation in the "sham entity" scheme, not simply because it is the parent corporation of PFCU Services.  On multiple occasions in her first amended complaint, Yates alleged that PFCU shared in illegal fee splitting or referral fees.  Pl.'s First Am. Compl. at ¶¶ 2, 4, 47, 136.  Although the evidence may later reveal that PFCU never participated in the alleged scheme, Yates has undoubtedly alleged PFCU's direct participation and has met its burden in defeating defendants' motion to dismiss.  Defendants' motion with respect to PFCU will thus be denied.

       Taking all of Yates' allegations as true, she has properly pleaded a violation of §§ 8(a) and 8(b) of RESPA against all defendants.  12 U.S.C. §§ 2607(a) and (b).  No elaboration is needed except as to defendant White.  He makes the additional argument that Yates' RESPA claim should be dismissed against him on the grounds that "Yates has not alleged that [White] personally received or shared fees for title and closing services."  Defs.' Mot. at 18.  That is not the case.  At least three separate times in the first amended complaint, Yates alleged that White received or shared fees in violation of RESPA.  Pl.'s First Am. Compl. at ¶¶ 4, 47 and 87.  Although White may ultimately be able to demonstrate that he never personally received or shared the allegedly illegal fees, Yates has alleged

that he did so.  This is all that is required of her to overcome a motion to dismiss.

Defendants further contend that Yates' claim for treble damages under RESPA must be dismissed insofar as she seeks damages beyond what she allegedly paid as a "mark up" of service prices.  Section 8(d)(2) of RESPA provides:

> Any person or persons who violate the prohibitions or limitations of this section shall be jointly and severally liable to the person or persons charged for the settlement service involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service.

12 U.S.C. § 2607(d)(2).  Yates maintains that under this provision, she is entitled to have the court treble the amount of all charges she paid to the defendants for settlement services. The defendants counter that RESPA's treble damage provision only applies to the amount, if any, that Yates paid the defendants as a "mark up," rather than the full amount of the settlement charges.  Both parties have acknowledged that there is a split of authority on this question.  Compare, e.g., Morales v. Attorneys' Title Ins. Fund Inc., 983 F. Supp 1418 (S.D. Fla. 1997) with Kahrer v. Ameriquest Mortgage Co., 418 F. Supp. 2d 748 (W.D. Pa. 2006).

Morales is representative of a line of cases limiting a plaintiff's trebled damages under RESPA to the amount the plaintiff allegedly paid as a kickback or fee split prohibited by RESPA.  983 F. Supp. at 1427-29.  Kahrer, on the other hand, looks primarily at the plain language of the statute and its

-4-

complete legislative history to conclude that a plaintiff who is entitled to damages under § 8(d)(2) can seek to treble the full amount she paid in settlement services to the defendants.  418 F. Supp. 2d at 751-56, see also Robinson v. Fountainhead Title Group Corp., 447 F. Supp. 2d 478 (D. Md. 2006).  Having considered the pertinent cases relied upon by each party, we are persuaded by the cogent reasoning in Kahrer and need not repeat it here.  We hold that Yates may seek three times the amount she has paid for any settlement services, regardless of whether she actually paid a "mark up."  Thus, we will deny defendants' motion to dismiss with respect to Count I of Yates' first amended complaint, including her claim for treble damages.

Yates' allegations are likewise sufficient to state a claim for relief for deceptive conduct under the CPL.  73 Pa. Stat. Ann. § 201-2(4)(xxi).  We also find that Yates has properly alleged a RICO violation under 18 U.S.C. § 1962(c).  Defendants' motion to dismiss will therefore be denied with respect to Counts II, IX, and X of Yates' first amended complaint.  Defendants' motion will also be denied with respect to Counts XI and XII to the extent that those counts are based on an alleged violation of 18 U.S.C. § 1962(c).  Whether or not Yates will be able to prove these claims is not before us and must await another day.

Counts VII and VIII each allege a RICO violation under 18 U.S.C. § 1962(a).  That section prohibits the use or investment of income or interest derived from a pattern of racketeering activity "in, or the establishment of operation of,

any enterprise which is engaged in ... interstate or foreign commerce."  Id.  Yates acknowledges that the Court of Appeals for the Third Circuit requires a plaintiff bringing a claim under § 1962(a) to show "injury resulting from the investment of racketeering income (investment injury) as distinct from injury resulting from the predicate acts themselves."  Glessner v. Kenny, 952 F.2d 702, 709 (3d Cir. 1991) (citation omitted), overruled on other grounds by Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., Inc., 46 F.3d 258 (3d Cir. 1995).  An investment injury cannot be caused by the mere reinvestment of illegal proceeds into the alleged racketeering enterprise itself.  Id.

In her first amended complaint, after a description of the general scheme by which the defendants allegedly defrauded her, Yates claims that "[the defendants] retained these illegally gained funds and reinvested and used those funds in their operations in violation of 18 U.S.C. § 1962(a)."  Pl.'s First Am. Compl. at ¶¶ 124 and 148.  Under the law of this circuit, as noted above, such an allegation is insufficient to state a claim under § 1962(a).  Aware of this deficiency, Yates argues in her memorandum in opposition to defendants' motion that PFCU, PFCU Services, All American and White had an informal kickback and referral scheme in place prior to the formation of PFCU Abstract.  Yates therefore contends that the initial investments in PFCU Abstract "derived from income received in [the other defendants'] previous relationship, which included a pattern of racketeering

activities" and that the newly formed PFCU Abstract directly harmed Yates.

Yates' theory must fail for two reasons.  First, nowhere in her first amended complaint does Yates allege the facts on which she predicates her present argument, namely, that PFCU, PFCU Services, All American and White maintained a kickback and referral scheme prior to the formation of PFCU Abstract.  Second, even had Yates made such allegations, they would still be premised on an alleged injury resulting from a racketeering enterprise reinvesting illegal proceeds into itself.  Although she now contends that the funds were used to create rather than reinvest in PFCU Abstract, in terms of the pleading requirements in this circuit, the distinction makes no difference.  Yates has still failed to show a reinvestment injury which is "distinct from injury resulting from the predicate acts themselves." Glessner. 952 F.2d at 709.  As both Counts VII and VIII are variations on the same § 1962(a) claim, both will be dismissed.

Counts XI and XII of Yates' first amended complaint allege RICO conspiracy violations under 18 U.S.C. § 1962(d), which provides that:  "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."  It is axiomatic that "[a]ny claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient."  Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993) (citation

omitted). To the extent that Yates' conspiracy claims under § 1962(d) are based on her allegations under § 1962(a), those conspiracy claims are insufficient. Thus, defendants' motion will be granted with respect to Counts XI and XII insofar as they are based on an alleged violation of 18 U.S.C. § 1962(a).

In sum, the motion to dismiss by defendants will be denied with respect to Counts I, II, IX, and X of Yates' first amended complaint. Defendants' motion will also be denied with respect to Counts XI and XII to the extent that those Counts are based on an alleged violation of 18 U.S.C. § 1962(c). Defendants' motion will be granted with respect to Counts VII and VIII, as well as with respect to the Counts XI and XII insofar as they are based on an alleged violation of 18 U.S.C. § 1962(a).

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHENETA YATES                      :        CIVIL ACTION
                                   :
         v.                        :
                                   :
ALL AMERICAN ABSTRACT              :
COMPANY, et al.                    :        NO. 06-2174
```

ORDER

AND NOW, this 10th day of May, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendants All American Abstract Company, Inc., Leo T. White, Philadelphia Federal Credit Union, PFCU Services, LLC and PFCU Abstract, LLC for partial dismissal of plaintiff's first amended complaint is DENIED with respect to Counts I, II, IX, and X of the first amended complaint;

(2) the motion of defendants for partial dismissal is DENIED with respect to Counts XI and XII to the extent that those counts are based on an alleged violation of 18 U.S.C. § 1962(c);

(3) the motion of defendants for partial dismissal is GRANTED with respect to Counts VII and VIII of Yates' first amended complaint; and

(4) the motion of defendants for partial dismissal is GRANTED with respect to Counts XI and XII to the extent that they are based on an alleged violation of 18 U.S.C. § 1962(a).

BY THE COURT:

/s/ Harvey Bartle III
                                                          C.J.